UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YUNG LO, | ) |
|                 Plaintiff, | ) Case No. 2:12-cv-01885-RCJ-CWH |
| vs. | ) **FINDINGS AND RECOMMENDATION** |
| GOLDEN GAMING, *et al.*, | ) |
|                 Defendants. | ) |

This matter was referred to the undersigned Magistrate Judge on Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (#1), filed on November 5, 2012.

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that [s]he is unable to pay such costs or give security therefore." 28 U.S.C. § 1915(a).

Plaintiff submitted the affidavit required by § 1915(a) to show that she is unable to prepay fees and costs or give security for them. In Plaintiff's Application to Proceed *In Forma Pauperis*, Plaintiff reports that she has income of $717 per month, owns $1,000 in cash or checking or savings account, $3,800 in stock, an automobile worth $11,000, a house worth $110,000, and jewelry worth $500. Additionally, Plaintiff indicates that her total expenses are approximately $1,000 per month. Based on this information, the Court finds that Plaintiff's income is sufficient to pay the filing fee in this case. *See Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00 judgment and owned a van valued at

$500.00) (*citing Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week); *Rucker v. County of Santa Clara*, 2003 WL 21440151 (N.D. Cal. June 17, 2003) (sufficient showing of indigency where plaintiff received $748.42 per month, and that amount was exceeded by his outstanding monthly expenses and debt)).

Plaintiff's income and other assets exceed her expenses. Accordingly, the Court finds that Plaintiff has not satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and she is able to pay the costs of commencing this action. Having concluded that Plaintiff is not entitled at this time to proceed *in forma pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of the case at any time if the Court determines that it is frivolous or malicious or fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) be **DENIED**. Plaintiff should be required to pay the filing fee of $350.00 within thirty days from the date that an Order denying Plaintiff's Application is entered. Failure to comply with that Order will result in the Court recommending dismissal of this action.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 6th day of November, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge