UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| YUNG LO, | ) | |
| Plaintiff, | ) ) | Case No. 2:12-cv-01885-RCJ-CWH |
| vs. | ) ) | **ORDER** |
| GOLDEN GAMING, *et al.*, | ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff's Complaint (#1-1), filed on November 5, 2013. On November 6, 2012, the Court recommended that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) be denied based on its determination that her income was sufficient to pay the filing fee. This recommendation was adopted and accepted on December 10, 2012. The Court received payment of the filing fee on November 19, 2012. As a result, the Court will now screen Plaintiff's Complaint.

**I.     Screening the Complaint**

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

### A. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." According to Plaintiff's complaint she is a citizen of Nevada and it appears as though Defendants are citizens of Nevada. Additionally, Plaintiff has not stated what form of relief she seeks. Plaintiff generally states that she wants her reputation and pride back, but the Court is unable to grant this type of relief. Additionally, Plaintiff indicates that she wants to get back the pay she lost, but fails to articulate the amount of lost pay that she seeks. Therefore, the Court finds that Plaintiff has not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### B. Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face

of the plaintiff's properly pleaded complaint." *Id.*

The Court finds that Plaintiff's Complaint could be construed as attempting to state a claim for national origin or race discrimination and hostile work environment under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq. and for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Accordingly, this action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331, which provides that United States district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, Title VII provides, "[e]ach United States district court . . . shall have jurisdiction of actions brought under this title." 42 U.S.C. § 2000e-5(f)(3). However, because the Court finds that Plaintiff has failed to properly identify these statutes or provide sufficient facts to state a claim for relief, federal question jurisdiction does not exist at this time.

**1.     Title VII**

Title VII allows a person to sue an employer for discrimination on the basis of race if she has exhausted both state and EEOC administrative procedures. Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer. *Id.* If the EEOC decides not to sue and if there is no settlement satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted her remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right-to-sue letter, plaintiff may sue in federal or state court. *Id.* Here, Plaintiff has attached a Notice of Suit Rights letter from the EEOC dated August 20, 2012 and subsequently filed this action within 90 days. Thus, it appears Plaintiff has exhausted her administrative remedies.

However, Plaintiff has not provided adequate factual support for her claims. To state a claim for relief, "a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79. In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish: (a) she belonged to a protected class; (b) she was qualified for her job; (c) she was subjected to adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748,

1   753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)).  Plaintiff
2   generally alleges that she was discriminated against due to her race or, what the Court construes to be,
3   national origin.  She specifies that she is Asian and in particular, Chinese, but does not describe how
4   she was qualified for her job, what adverse employment action she was subject to, and how fellow
5   employees who were not similarly situated were treated differently.  In fact, the Court notes that an
6   employee who has voluntarily quit ordinarily may not collect backpay "for periods beyond that
7   employee's voluntary resignation unless the employee demonstrates that she was constructively
8   discharged by the employer."  *Thorne v. City of El Segundo*, 802 F.2d 1131, 1134 (9th Cir. 1986).
9   Accordingly, Plaintiff will need to demonstrate that she was constructively discharged in order to state a
10  claim for race of national origin discrimination under Title VII.

11          Similarly, in order to put forth a prima facie case for hostile work environment in violation of
12  Title VII, a plaintiff must show that (a) she was subjected to verbal or physical conduct of a racial or
13  sexual nature, (b) that conduct was unwelcome, and (c) the conduct was sufficiently severe or pervasive
14  to alter the conditions of her employment and created an abusive work environment.  *See Vasquez v.*
15  *Cty. of Los Angeles*, 349 F.3d 634 (9th Cir. 2003).  Plaintiff alleges that her co-workers gave her a hard
16  time, falsely accused her, and sexually disturbed her.  Plaintiff failed to state the dates these incidents
17  occurred nor did she establish how pervasive the conduct was to alter the conditions of her
18  employment.  The Court will therefore grant Plaintiff leave to amend her complaint to allege facts
19  sufficient to state claims for racial or national origin discrimination and hostile work environment under
20  Title VII.

21          **2.     ADEA**

22          The ADEA prohibits discrimination against employees who are age 40 and over because of their
23  age.  *Diaz v. Eagle Produce Ltd. Partnership,* 521 F.3d 1201 (9th Cir.2008).  In order to establish a
24  prima facie case of age discrimination, plaintiff must establish that she is: (a) at least forty years old; (b)
25  performed her job satisfactorily; (c) was discharged; and (d) either replaced by substantially younger
26  employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise
27  to an inference of age discrimination.  *Id.*  Plaintiff's Complaint indicates that she is 70 years-old.
28  However, Plaintiff fails to provide factual information indicating that she was performing her job

satisfactorily, was discharged, and replaced by a substantially younger employee or discharged for reasons that infer age discrimination. The Court will therefore grant Plaintiff leave to amend her complaint to allege facts sufficient to state a claim for age discrimination under ADEA.

## II.     Conclusion

Because Plaintiff has not provided sufficient factual support for her claims under Title VII and ADEA her Complaint must be dismissed. The dismissal will be without prejudice to Plaintiff and she may amend her Complaint to include sufficient factual allegations to support her claims. The Court notes that it cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case. Therefore, in an amended complaint, each claim and the involvement of the defendant must be sufficiently alleged.

Based on the foregoing and good cause appearing therefore,

## ORDER

**IT IS HEREBY ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30) days** from the date that this Order is entered to file an amended complaint correcting the noted deficiencies. Failure to comply with this Order may result in the Court recommending that this action be dismissed.

Dated this 22nd day of July, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**