1
2
3
4                       UNITED STATES DISTRICT COURT
5                            DISTRICT OF NEVADA
6
7    YUNG LO,                              )
8                    Plaintiff,            )        Case No. 2:12-cv-01885-JAD-CWH
                                           )
9    vs.                                   )        **ORDER**
                                           )
10   GOLDEN GAMING, *et al.*,              )
                                           )
11                   Defendants.           )
     _____)
12
13          This matter is before the Court on Defendant Golden Gaming LLC's ("Defendant") Motion
     for Stay of Discovery (#35), filed on February 25, 2014.  The Court also considered Defendant's
14
     Proposed Discovery Plan and Scheduling Order (#36), filed on February 25, 2014, and Defendant's
15
     Declaration of Jill Garcia in Support of Motion to Stay (#37), filed on February 25, 2014.
16
                                        **BACKGROUND**
17
            On November 5, 2012, Plaintiff filed a Motion/Application for Leave to proceed *in forma*
18
     *pauperis* (#1).  The Court recommended that Plaintiff's Motion be denied on November 6, 2012.
19
     *See* Report and Recommendation #2.  Plaintiff paid the required filing fee on November 19, 2012.
20
     *See* Receipt of Payment #3.  The Court adopted the Recommendation #2 and denied Plaintiff's
21
     Motion on December 10, 2012.  *See* Order #4.  The Court ordered the Clerk of the Court to file
22
     Plaintiff's Complaint and dismissed it without prejudice and granted Plaintiff 30 days to submit an
23
     amended complaint.  *See* Order #6.  On July 22, 2013, Plaintiff filed an Amended Complaint.  *See*
24
     Compl. #7.  Given that Plaintiff was found not eligible for *in forma pauperis* status and paid the
25
     required filing fee, no screening of the amended complaint was required.  Plaintiff was instructed to
26
     complete service in accordance with Federal Rule of Civil Procedure 4.  *See* Order #9.  On
27
     December 23, 2013, Defendant filed a Motion to Dismiss the complaint (#20) and Motion to Quash
28
     Service of Process (#22) contending that dismissal of the complaint is proper because Plaintiff has

1  failed to properly serve a summons and complaint on Defendant in accordance with Rule 4.  On

2  February 18, 2014, the Court ordered the parties to submit a proposed discovery plan and

3  scheduling order pursuant to Local Rule 26-1 by February 25, 2014.  *See* Order #33.  On February

4  25, 2014, Defendant filed the instant Motion to Stay requesting that discovery be stayed pending

5  the outcome of the Motion to Dismiss (#20) and Motion to Quash (#22).  In addition, Defendant

6  filed a proposed discovery plan and scheduling order to comply with Order #33, but indicated that

7  they were unable to meet and confer with Plaintiff.

8  **DISCUSSION**

9  Courts have broad discretionary power to control discovery including the decision to allow

10  or deny discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  An overly

11  lenient standard for granting a motion to stay would result in unnecessary delay in many cases.

12  That discovery may involve inconvenience and expense is not sufficient to support a stay of

13  discovery.  *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev.

14  1997).[1]  Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff

15  will be unable to state a claim for relief.  *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D.

16  Nev. 2011); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*).

17  Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why

18  discovery should be denied."  *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th

19  Cir.1975)).

20  The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

21  discovery when a potentially dispositive motion is pending.  *Skellercup Indus. Ltd. V. City of L.A.*,

22  163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the

23  need for expeditious resolution of litigation and stating that if the Federal Rules contemplated a

24  motion to dismiss under Rule 12(b)(6) would stay discovery, then they would contain such a

25  provision).  Ordinarily a pending dispositive motion is not "a situation that in and of itself would

26

27

28  [1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery."  278 F.R.D. at 603.

2

warrant a stay of discovery." *See Turner*, 175 F.R.D. at 555-56 (*quoting Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)).  To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion.  *Id.* Common examples of situations in which good cause has been found are when jurisdiction, venue, or immunity are preliminary issues.  *Id.*

Further, the Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion.  *See, e.g., Alaska Cargo Transport, Inc. v. Alaska R.R., Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (holding the propriety of a class action cannot be determined in some cases without discovery, and to deny discovery in such cases is an abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (stating that the better and more advisable practice is for the district court to allow litigants an opportunity to present evidence concerning whether a class action is maintainable, and such an opportunity requires "enough discovery to obtain the material").

On the other hand, the purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable a defendant to challenge the legal sufficiency of a complaint without subjecting it to discovery. *Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  The Ninth Circuit has held that discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion and a pending Rule 12(b) motion to dismiss is sufficient cause for granting a protective order.  *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds*, *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir.2007) (en banc).  Under Federal Rule of Civil Procedure 26(c), the court may limit the scope of disclosures or discovery on certain matters and prevent certain matters from being inquired into upon a showing of good cause or where "justice requires to protect a party or person from annoyance, embarrassment, oppression,

1    or undue burden or expense." *Id.* However, a party seeking a protective order must show a

2    particular and specific need for the protective order, and broad or conclusory statements concerning

3    the need for protection are insufficient. *Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D.

4    Cal. 1990).

5         In evaluating the propriety of an order staying or limiting discovery while a dispositive

6    motion is pending, this Court considers the goal of Federal Rule of Civil Procedure 1, which

7    provides that the Rules shall "be construed and administered to secure the just, speedy, and

8    inexpensive determination of every action." *Id.* Discovery is expensive. This Court is persuaded

9    that the standard enunciated by Judges Reed and Hunt in *Twin City*, 124 F.R.D. 652, and *Turner*,

10   175 F.R.D. 554, should apply in evaluating whether a stay of discovery is appropriate while a

11   dispositive motion is pending. With Rule 1 as its prime directive, this court must decide whether it

12   is more just to speed the parties along in discovery while a dispositive motion is pending or to delay

13   discovery to accomplish the inexpensive determination of the case.

14        The Court finds that the Defendant has made the strong showing necessary to support the

15   requested stay. The issues before the Court in the pending Motion to Dismiss (#20) and Motion to

16   Quash (#22) do not require further discovery and are potentially dispositive of the entire case.

17   Indeed, Defendant stresses the importance of resolving jurisdiction at the earliest possible stage in

18   litigation. The Court finds that, similar to the situation in *Little v. City of Seattle*, 863 F.2d 681 (9th

19   Cir. 1988), this is a case where a temporary stay of discovery will further the goals of judicial

20   economy and control of the Court's docket. The Court notes that the Motion to Dismiss (#20) and

21   Motion to Quash (#22) are fully briefed. Additionally, the Court has an interest in controlling its

22   docket and finds that requiring the parties to commence with the discovery period is not warranted

23   at this time. Accordingly, the Court will stay discovery pending a decision on the Motion to

24   Dismiss (#20) and Motion to Quash (#22). It will also deny without prejudice Defendant's

25   Proposed Discovery Plan and Scheduling Order (#36). The parties shall have 14 days to meet and

26   confer subsequent to a decision on the pending motions and submit a joint proposed plan to the

27   Court.

28

4

1      Based on the foregoing and good cause appearing therefore,

2      **IT IS HEREBY ORDERED** that Defendant Golden Gaming LLC's ("Defendant") Motion

3 for Stay of Discovery (#35) is **granted**.

4      **IT IS FURTHER ORDERED** that Defendant's Proposed Discovery Plan and Scheduling

5 Order (#36) is **denied without prejudice**.

6      **IT IS FURTHER ORDERED** that within 14 days of the Court's decision on the pending

7 Motion to Dismiss (#20) and Motion to Quash (#22), the parties shall meet and confer and submit

8 to the Court a joint proposed discovery plan and scheduling order in compliance with Local Rule

9 26-1.

10      DATED this 26th day of February, 2014.

11

12                      _____

13                      **C.W. Hoffman, Jr.**
                     **United States Magistrate Judge**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28