# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| YUNG LO, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12-cv-01885-JAD-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GOLDEN GAMING, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendant Golden Gaming LLC's ("Defendant") Motion for Stay of Discovery (#35), filed on February 25, 2014. The Court also considered Defendant's Proposed Discovery Plan and Scheduling Order (#36), filed on February 25, 2014, and Defendant's Declaration of Jill Garcia in Support of Motion to Stay (#37), filed on February 25, 2014.

## BACKGROUND

On November 5, 2012, Plaintiff filed a Motion/Application for Leave to proceed *in forma pauperis* (#1). The Court recommended that Plaintiff's Motion be denied on November 6, 2012. *See* Report and Recommendation #2. Plaintiff paid the required filing fee on November 19, 2012. *See* Receipt of Payment #3. The Court adopted the Recommendation #2 and denied Plaintiff's Motion on December 10, 2012. *See* Order #4. The Court ordered the Clerk of the Court to file Plaintiff's Complaint and dismissed it without prejudice and granted Plaintiff 30 days to submit an amended complaint. *See* Order #6. On July 22, 2013, Plaintiff filed an Amended Complaint. *See* Compl. #7. Given that Plaintiff was found not eligible for *in forma pauperis* status and paid the required filing fee, no screening of the amended complaint was required. Plaintiff was instructed to complete service in accordance with Federal Rule of Civil Procedure 4. *See* Order #9. On December 23, 2013, Defendant filed a Motion to Dismiss the complaint (#20) and Motion to Quash Service of Process (#22) contending that dismissal of the complaint is proper because Plaintiff has

failed to properly serve a summons and complaint on Defendant in accordance with Rule 4. On February 18, 2014, the Court ordered the parties to submit a proposed discovery plan and scheduling order pursuant to Local Rule 26-1 by February 25, 2014. *See* Order #33. On February 25, 2014, Defendant filed the instant Motion to Stay requesting that discovery be stayed pending the outcome of the Motion to Dismiss (#20) and Motion to Quash (#22). In addition, Defendant filed a proposed discovery plan and scheduling order to comply with Order #33, but indicated that they were unable to meet and confer with Plaintiff.

## DISCUSSION

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*). Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)).

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation and stating that if the Federal Rules contemplated a motion to dismiss under Rule 12(b)(6) would stay discovery, then they would contain such a provision). Ordinarily a pending dispositive motion is not "a situation that in and of itself would

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

warrant a stay of discovery." *See Turner*, 175 F.R.D. at 555-56 (*quoting Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Id*. Common examples of situations in which good cause has been found are when jurisdiction, venue, or immunity are preliminary issues. *Id*.

Further, the Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. *See, e.g., Alaska Cargo Transport, Inc. v. Alaska R.R., Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (holding the propriety of a class action cannot be determined in some cases without discovery, and to deny discovery in such cases is an abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (stating that the better and more advisable practice is for the district court to allow litigants an opportunity to present evidence concerning whether a class action is maintainable, and such an opportunity requires "enough discovery to obtain the material").

On the other hand, the purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable a defendant to challenge the legal sufficiency of a complaint without subjecting it to discovery. *Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). The Ninth Circuit has held that discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion and a pending Rule 12(b) motion to dismiss is sufficient cause for granting a protective order. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds*, *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir.2007) (en banc). Under Federal Rule of Civil Procedure 26(c), the court may limit the scope of disclosures or discovery on certain matters and prevent certain matters from being inquired into upon a showing of good cause or where "justice requires to protect a party or person from annoyance, embarrassment, oppression,

or undue burden or expense." *Id.* However, a party seeking a protective order must show a particular and specific need for the protective order, and broad or conclusory statements concerning the need for protection are insufficient. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this Court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* Discovery is expensive. This Court is persuaded that the standard enunciated by Judges Reed and Hunt in *Twin City*, 124 F.R.D. 652, and *Turner*, 175 F.R.D. 554, should apply in evaluating whether a stay of discovery is appropriate while a dispositive motion is pending. With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case.

The Court finds that the Defendant has made the strong showing necessary to support the requested stay. The issues before the Court in the pending Motion to Dismiss (#20) and Motion to Quash (#22) do not require further discovery and are potentially dispositive of the entire case. Indeed, Defendant stresses the importance of resolving jurisdiction at the earliest possible stage in litigation. The Court finds that, similar to the situation in *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988), this is a case where a temporary stay of discovery will further the goals of judicial economy and control of the Court's docket. The Court notes that the Motion to Dismiss (#20) and Motion to Quash (#22) are fully briefed. Additionally, the Court has an interest in controlling its docket and finds that requiring the parties to commence with the discovery period is not warranted at this time. Accordingly, the Court will stay discovery pending a decision on the Motion to Dismiss (#20) and Motion to Quash (#22). It will also deny without prejudice Defendant's Proposed Discovery Plan and Scheduling Order (#36). The parties shall have 14 days to meet and confer subsequent to a decision on the pending motions and submit a joint proposed plan to the Court.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Golden Gaming LLC's ("Defendant") Motion for Stay of Discovery (#35) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Proposed Discovery Plan and Scheduling Order (#36) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that within 14 days of the Court's decision on the pending Motion to Dismiss (#20) and Motion to Quash (#22), the parties shall meet and confer and submit to the Court a joint proposed discovery plan and scheduling order in compliance with Local Rule 26-1.

DATED this 26th day of February, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**