# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Yung Lo,<br><br>       Plaintiff,<br><br>v.<br><br>Golden Gaming, Inc., et al.,<br><br>       Defendants. | Case No.: 2:12-cv-1885-JAD-CHW<br><br>**Order Denying as Moot Defendant Golden Gaming, Inc.'s Motion to Quash Service of Process and Dismiss the Complaint [Docs. 20 & 22] and Permitting Plaintiff Lo an Additional 30 Days to Effect Proper Service of Process Pursuant to the Court's Order [Doc. 17]** |

*Pro se* plaintiff Yung Lo seeks to sue her former employer, Golden Gaming, which she claims discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Unfortunately Lo has not properly served Golden Gaming with a copy of the Summons and Complaint in compliance with Rule 4 of the Federal Rules of Civil Procedure or otherwise demonstrated good cause for the failure, in contravention of a prior court order. For the foregoing reasons, the Court grants Lo a one-time, 30-day extension of this deadline, and consequently denies as moot Golden Gaming's subsequently filed motions to quash service and dismiss Lo's complaint for failure to serve process.

## Background

Lo originally sued Golden Gaming on November 5, 2012, seeking *in forma pauperis* status at that time. Doc. 1. Lo's request for *in forma pauperis* status was ultimately denied,

1

Docs. 2, 4, and her complaint was filed on July 22, 2013. Doc. 7. On November 26, 2013, the Clerk of Court issued a Rule 4(m) notice of intent to dismiss Lo's Complaint, noting that no proof of service had been filed, and providing Lo until December 26, 2013, to either provide notice of service or otherwise demonstrate good cause why service could not be made. Doc. 17.

Three days before Lo's response was due, on December 23, 2013, Golden Gaming moved to quash service of process and to dismiss the Complaint under Rules 12(b)(2), 12(b)(4), and 12(b)(5). Docs. 20, 22. Lo responded to this motion on December 26, 2013, Doc. 24, claiming, *inter alia*, that she sent Golden Gaming "dismiss case copy together to Court today." *Id.* at 1.[1] To date, there is still no record evidence that Lo ever served Golden Gaming with a copy of the summons and complaint.

## Discussion

**A.    The Court's November 26, 2013, Show Cause Order [Doc. 17]**

**1.    Golden Gaming**

Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint to be completed within 120 days.[2] Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[3] Rule 4(c) further provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[4]

Additionally, Rule 4(c) governs service of the summons and complaint and specifies that

---

[1] Golden Gaming filed a reply. *See* Doc. 31. However, the reply was filed on January 14, 2014—19 days after Lo's response. Under Local Rule 7-2(d), "unless otherwise ordered by the Court, reply points and authorities shall be filed and served by the moving party seven (7) days after service of the response." Nev. L.R. 7-2(d).

[2] Fed. R. Civ. Proc. 4(m).

[3] *Id.*

[4] *Id.*

2

"Any person who is at least 18 years old *and not a party* may serve a summons and complaint."[5] Rule 4(h) governs service upon corporations, and provides several alternatives for service of process. A domestic corporation may be served:

> [B]y delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.[6]

Service on a domestic corporation may also be made "in the manner prescribed by Rule 4(e)(1) for serving an individual."[7] Rule 4(e)(1) permits Golden Gaming to be served by the methods identified by the law of the state where the district court is located or the state where service is made—in this case, Nevada.[8] In Nevada, service upon a Nevada corporation is proper only if both the summons and complaint are delivered to the corporation's registered agent or any corporate officer.[9] These are not trivial requirements: "service of process is the means by which a court asserts jurisdiction over the person,"[10] and when personal service is required, failure to perfect it is fatal to a lawsuit.[11]

Lo's explanation that he served Golden Gaming with a "dismiss case copy together to Court today" is incomprehensible, and in the months since Lo made this statement, Plaintiff has failed to provide the Court with any indication that service was made in compliance with Rule 4. Without this evidence, the Court concludes that Lo failed to properly serve Golden Gaming with a copy of the summons and complaint as required by the Court's November 26, 2013, order,

---

[5] *Id.* (emphasis added).

[6] *Id.* at 4(h)(1)(B).

[7] *Id.*

[8] *See* Fed. R. Civ. Proc. 4(e)(1). Golden Gaming has not disputed that it would be subject to Nevada's rules for service on a domestic corporation, and the Court discerns no reason to conclude that Golden Gaming is not a corporation organized under Nevada law.

[9] Nev. R. Civ. Proc. 4(d)(1); *Willis v. City of Las Vegas*, 2014 WL 1308816, at *6 (D. Nev. Mar. 31, 2014).

[10] *Securities and Exchange Commission v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted).

[11] *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987).

3

or demonstrated good cause for why proper service was not made.

The Ninth Circuit has interpreted Rule 4(m) as requiring a two-step process for granting extensions of the service period.[12] If the Court finds good cause for the service delay, it must extend the time period. A court ascertains "good cause" on a case-by-case basis, the threshold requirement being excusable neglect.[13] Lo fails to demonstrate good cause for extension of the 120-day service period, and the Court now turns to the appropriate remedy.

Where no good cause is shown, the Court has discretion to extend the time period or dismiss the unserved defendant without prejudice from the case.[14] The Court may extend the service period upon finding excusable neglect and additionally may require the plaintiff to demonstrate that (1) the party to be served received actual notice; (2) the defendant would not be prejudiced by the extension; and (3) severe prejudice would result to the Plaintiff.[15] "Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action."[16] Since the plain language of Rule 4 does not "tie the hands of the district court after the 120-day period has expired," the court has discretion to extend the period retroactively.[17]

Although Lo independently demonstrates nothing, the Court notes that Golden Gaming itself acknowledged in its motion to quash that some form of service was at least attempted: Lo personally served it with a copy of the motion for screening, instead of arranging for third party service of the summons and complaint in compliance with Rule 4. Doc. 22 at 4. Further, Golden Gaming fails to indicate how any prejudice will occur as a result of the service delay, and the Court discerns none. Finally, Lo will be prejudiced by dismissal of the complaint, as Lo

---

[12] *See In re Sheenan*, 253 F.3d 507, 512 (9th Cir. 2001).

[13] *See id.*; *Robinson v. Churchill Community Hospital*, 2007 WL 496819, at *1 (D. Nev. Feb. 12, 2007).

[14] *See United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

[15] *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

[16] *Id.*; *see Carr v. International Game Technology*, 770 F. Supp. 1080, 1090 (D. Nev. 2011).

[17] *See Mann*, 324 F.3d at 1090 (9th Cir. 2003).

4

exhausted her administrative remedies with the EEOC on August 20, 2012, and was permitted 90 days to file her claims in federal court—a filing period which has now long elapsed. *See* Doc. 7 at 32.[18]

Thus, although the Court could dismiss Lo's action under Rule 4(m), out of an abundance of caution, it permits Lo no later than 30 days from the issuance of this order to file proof that the summons and complaint were served as required by the rules. The Court emphasizes to Lo that her *pro se* status does not excuse her from compliance with the Federal Rules of Civil Procedure, including service of process specified in Rule 4,[19] and that any failure by Lo to serve Golden Gaming as specified by Rule 4 may result in dismissal of her complaint with prejudice and without further notice.

**2. Other Defendants**

Lo's complaint lists other defendants to this action: Blake L. II Sartini, Bill Barker, Shirley Folkerson, Chrstepher Trout, and Nancy Plaisted. *See* Doc. 7 at 2-3. There is no indication that Lo ever attempted to serve any of these defendants, and her "response" fails to even reference them. *See* Doc. 24. Again, the Court concludes that no good cause has been shown for why any of these individual defendants were not served, but consistent with the ruling above permits Lo no later than 30 days from the issuance of this order to file proof that a summons and complaint have been properly served on each individual defendant. The Court emphasizes that any failure by Lo to serve any of these defendants as specified by Rule 4 may result in dismissal of her complaint with prejudice without further notice.

**B. Golden Gaming's Motion to Quash Service and Dismiss the Complaint [Docs. 20 & 22]**

Shortly before Lo's response deadline, Golden Gaming filed motions to quash service and to dismiss for failure to serve process. Docs. 20, 22. Golden Gaming argues that Lo personally served Golden Gaming with a copy of the motion for screening instead of arranging for third

---

[18] 42 U.S.C. § 2000e-5(e); *Sanchez v. Pacific Powder Co.*, 147 F.3d 1097, 1100 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); *Martinez v. Victoria Partners*, 2014 WL 1268705, at *3 (D. Nev. Mar. 27, 2014).

[19] *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

5

party service of the summons and complaint in compliance with Rule 4. *Id.* at 4. Golden Gaming requests dismissal of Lo's Complaint under Rules 12(b)(5) for failure to properly serve it, as well as Rule 12(b)(4) for insufficient process. Doc. 20. Based on Lo's failure to serve, Golden Gaming also argues that the Court lacks personal jurisdiction over it, such that dismissal is also appropriate under Rule 12(b)(2). *See id.*

All three of Golden Gaming's arguments hinge on proper service of the summons and complaint. Because the Court has granted Lo a 30-day extension of time to properly complete service and file evidence of the same, and reminded Lo that she must demonstrate strict compliance with the Federal Rules of Civil Procedure or risk dismissal of her complaint, Golden Gaming's motion is denied as moot.

## Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing,

It is **HEREBY ORDERED** that Golden Gaming's Motion to Quash Service of Process and Dismiss the Complaint **[Docs. 20, 22] are DENIED AS MOOT.**

It is **FURTHER ORDERED** that Lo is permitted no later than 30 days from the issuance of this order to file proof that a summons and complaint have been properly served on each defendant: Golden Gaming, Blake L. II Sartini, Bill Barker, Shirley Folkerson, Chrstepher Trout, and Nancy Plaisted. The Court emphasizes that any failure by Lo to serve any of these defendants in the manner required by Rule 4 may result in dismissal of her complaint with prejudice without further notice.

DATED: June 4, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

The clerk is directed to mail a copy of this order to:
Yung Lo
7887 Palace Monaco Avenue
Las Vegas, NV 89117